**Electronically Filed
Supreme Court
SCEC-16-0000330
21-APR-2016
11:55 AM**

SCEC-16-0000330

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

CRAIG SMALLWOOD, Plaintiff,

vs.

STATE OF HAWAI'I, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

On April 13, 2016, plaintiff Craig Smallwood ("Smallwood") submitted a document entitled "Plaintiff Craig Smallwood's Complaint in Accordance with and Pursuant to HRS 602-5(2)(6); Statement of Jurisdiction; Motion for Emergency Order of Protection/Injunctive Relief, Directed Verdict, and Summary Judgment," which was filed as an election contest complaint. On April 18, 2016, defendant State of Hawai'i ("State") filed a motion to dismiss the complaint. Upon consideration of the election complaint and the motion to dismiss, and having heard this matter without oral argument, we set forth the following findings of fact and conclusions of law and enter the following judgment.

## FINDINGS OF FACT

1. Plaintiff Smallwood is a Hawaiʻi resident.

2. On April 13, 2016, the court received a 117-page document from Smallwood. The document was filed as an election contest complaint.

3. In the document, Smallwood states, among other things, that the Republican Party is attempting to "subvert, remove, and over[]throw the constitutional powers of the office of the [P]resident," that Presidential candidate Ted Cruz is not qualified to run for President of the United States and, therefore, the Republican Party "is guilty of election fraud [by] knowingly entering an illegal candidate," that the Office of Elections sponsors racism by serving "whites only," and that Governor David Ige is "responsible for bigotry and discrimination being rampant within the [S]tate of Hawaii."

4. Smallwood requests the following relief:

   (a) "[That the] Hawaii state sheriff department provide 24 hour protection [for Smallwood and his] immediate family";

   (b) "That the GOP/RNC party be removed from the Hawaii State ballot for the 2016 Elections";

   (c) "That the GOP/RNC tenure status of major political party be revoked in the State of Hawaiʻi"; and

   (d) That the court provide "[a]ny other measures the court deems necessary or appropriate to address Hawaii's participation in congressional acts of sedition and attempted

2

over[]throw of the United States of America".

    5.   Smallwood cites Hawaiʻi Revised Statutes ("HRS") §§ 602-5(2) and 602-5(6) as conferring the court with jurisdiction over the matter.

    6.   Defendant State moved to dismiss the complaint for lack of jurisdiction.

                    CONCLUSIONS OF LAW

    1.   When reviewing a motion to dismiss a complaint for lack of jurisdiction, the court's review "is based on the contents of the complaint, the allegations of which [the court] accept[s] as true and construe[s] in the light most favorable to the plaintiff.  Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Casumpang v. ILWU, Local 142, 94 Hawaiʻi 330, 337, 13 P.3d 1235, 1242 (2000) (internal quotation marks and citation omitted).

    2.   When considering a motion to dismiss for lack of jurisdiction, the court need not accept conclusory or formulaic recitations on the legal effects of the events alleged.  Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).

    3.   HRS § 11-172 (2009) governs election contests.  HRS § 11-172 provides, in relevant part, that "[w]ith respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court.  The complaint shall set forth any cause or causes, such as but not limited to, provable

3

fraud, overages, or underages, that could cause a difference in the election results."

4.   HRS § 11-173.5 provides for contest for cause to be filed in the supreme court involving primary elections, special primary elections, and county elections held concurrent with a regularly scheduled primary or special primary election.

5.   HRS § 174.5 provides for contest for cause to be filed in the supreme court involving general elections, special general elections, special elections, or runoff elections.

6.   HRS § 602-5 sets forth the jurisdiction and powers of the supreme court.

7.   HRS § 602-5(2) provides the supreme court with jurisdiction and power "[t]o answer, in its discretion, any question of law reserved by a circuit court, the land court, or the tax appeal court, or any question or proposition of law certified to it by a federal district or appellate court if the supreme court shall so provide by rule[.]"

8.   HRS § 602-5(6) provides the supreme court with jurisdiction and power "[t]o make and award such judgments, decrees, orders and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it."

9.   Taking Smallwood's allegations as true and viewing them in the light most favorable to him, Smallwood fails to

4

demonstrate that this court has jurisdiction over his complaint or the relief he seeks.

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint.

The clerk of the supreme court shall process the election contest without payment of the filing fee.

DATED: Honolulu, Hawaiʻi, April 21, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

